UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SALEH MOOZAB

                    Plaintiff,

     -against-

CITY OF NEW YORK,
POLICE OFFICER JOHN DOE #1, and
POLICE OFFICER JOHN DOE #2,

                  Defendants.
--------------------------------------------------------X

Index No. 25-cv-7912

**COMPLAINT**

Plaintiff Demands Trial by Jury

      Plaintiff, SALEH MOOZAB, by and through counsel, Alexis G. Padilla, an attorney duly licensed to practice law in this State and before this Court, complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2, upon information and belief, alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, SALEH MOOZAB, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.     Plaintiff SALEH MOOZAB is a United States citizen of full age.

6.     Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York, with its principle place of business located within the Southern District of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7.     Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POLICE OFFICER JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise

performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. He is sued individually and in his official capacity.

8.      Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POLICE OFFICER JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9.      On or about June 19, 2025, at approximately 2:00 P.M., plaintiff was lawfully present inside of the Coney Island-Stillwell Avenue subway station in Brooklyn, when he encountered defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2.

10.      Plaintiff entered the station that day with the intention of transferring from a shuttle bus to a train.

11.      Plaintiff was in possession of a transfer slip that allowed him to enter the station without paying.

12.      Plaintiff was part of a group of people transferring to the train from the shuttle bus.

13.      Along with the group, plaintiff entered the station through an open gate.

14.    As he passed through the gate, POLICE OFFICER JOHN DOE #1, who was in uniform, pointed to POLICE OFFICER JOHN DOE #2, who was in plain clothes, and indicated that he should stop plaintiff.

15.    POLICE OFFICER JOHN DOE #2 then stopped plaintiff and questioned him.

16.    Plaintiff showed the officer his transfer slip and explained that he had just gotten off the shuttle bus.

17.    After questioning plaintiff, the officer said that he was free to go.

18.    Plaintiff then went over to POLICE OFFICER JOHN DOE #1 and asked him why he had singled him out to be stopped when there were numerous people coming through the gate with transfer slips.

19.    As plaintiff was speaking to POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2 approached him from behind and violently shoved him into a metal gate. He then repeatedly pushed plaintiff into the metal gate, causing injury to plaintiff's back and exacerbating a prior knee injury.

20.    Defendant POLICE OFFICER JOHN DOE #2 then continued to shove plaintiff until he was removed from the subway station.

21.    As this was happening, POLICE OFFICER JOHN DOE #1 stood by and took no action to intervene in his colleague's excessive and unnecessary use of force.

22.    At no point during the events described herein did plaintiff commit any act for which force would be a reasonable response.

23.    At no point during the events described herein did defendants have any reason to believe that the force deployed against plaintiff was reasonable.

24. As a result of the illegal and unjustified use of force described herein, plaintiff did suffer injury, including but not limited to the injuries described herein.

**<u>AS FOR A FIRST CAUSE OF ACTION</u>**

***Excessive Force as against All Defendants in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.***

25. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

26. At all times during the events described above defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 lacked probable cause to use force against plaintiff.

27. All of the aforementioned acts of defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts and omissions complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

30. At all times relevant, defendant POLICE OFFICER JOHN DOE #1 had a duty to intervene and put a stop to the illegal use of force by one of his colleagues.

31. At all times relevant, defendant POLICE OFFICER JOHN DOE #1 had an opportunity to intervene and put a stop to the illegal use of force described herein.

32. At all times relevant, defendant POLICE OFFICER JOHN DOE #1 failed to intervene and put a stop to the illegal use of force described herein.

33. The acts complained of resulted in pain and injury to plaintiff.

34. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION
***Municipal Liability as against Defendant City of New York in violation of 42 U.S.C. § 1983***

35.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

36.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants.  The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

37.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to engage in the excessive use of force in flagrant violation of their sworn oath to uphold the Constitution.

38.     At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

39.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful policies, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

6

**WHEREFORE,** plaintiff demands relief jointly and severally against all defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  September 24, 2025
        Brooklyn, NY                    By:        _____*/s/Alexis G. Padilla*_____
                                        Alexis G. Padilla, Esq. [AP7400]
                                        *Attorney for Plaintiff*
                                        378 Lewis Avenue #6
                                        Brooklyn, NY 11233
                                        (917) 238-2993
                                        alexpadilla722@gmail.com